**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| VICTOR MARTINEZ AND LAURA MARTINEZ, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | CIVIL ACTION NO. 6:26-cv-00023 |
| vs. | § | |
| | § | |
| AMERICAN ECONOMY INSURANCE COMPANY, | § | **JURY DEMANDED** |
| | § | |
| Defendant. | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Victor Martinez and Laura Martinez, Plaintiffs herein, file Plaintiffs' Original Complaint against American Economy Insurance Company, and, in support of their causes of action, Victor Martinez and Laura Martinez would respectfully show the Court the following:

**I.**
**THE PARTIES**

1. Plaintiffs, Victor Martinez and Laura Martinez, are individuals residing at 4382 Hogan Drive, Tyler, Smith County, Texas 75709, which is their true, fixed, and permanent home.

2. Defendant American Economy Insurance Company, was, and is at the date of this filing, a Massachusetts corporation incorporated in the state of Massachusetts with its principal place of business located at 175 Berkeley St., Boston, Massachusetts, 02116. American Economy, therefore, is not a citizen of the state of Texas for diversity purposes. American Economy may be served via certified mail return receipt requested via its registered agent for service in the state of Texas, Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

## II.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this cause of action under 28 U.S.C. § 1332. Plaintiffs' true, fixed, and permanent home is in Smith County, Texas. Therefore, Plaintiffs are citizens of Texas. Defendant is a corporation incorporated in Massachusetts, and has its principal place of business in Massachusetts, and is, thus, a citizen of Massachusetts. Therefore, as Plaintiffs are citizen of Texas, and Defendant is a citizen of Massachusetts, complete diversity exists. Plaintiffs seek damages in excess of $75,000, plus attorneys' fees. Further, Plaintiffs allege Defendant knowingly committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

4. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of Texas, Tyler Division. The property at issue in this cause is in the Eastern District of Texas, Tyler Division.

## III.
## FACTUAL BACKGROUND

5. Victor Martinez and Laura Martinez ("Martinez" or "Plaintiffs") are the named insureds under a property insurance policy issued by American Economy identified as Policy OY8838381 ("Policy"). The Policy provided coverage for wind and hail related damages to Martinezes' property located at 4382 Hogan Drive, Tyler, TX 75709 ("Property") for the term of the Policy during the time of the date of loss.

6. The Property was hammered by massive hail on February 11, 2024, causing extensive damage to the roofing system of the Property. The hail varied between .5 and 2.5 inches in diameter. A claim was made for damage related to this storm to the Plaintiffs' home. But instead

of paying the coverage benefits the Plaintiffs paid for, Defendant decided to delay, deny and offer essentially no policy proceeds for the significant damages from a covered loss. Defendant determined the damages to the Property to be less than the Planitiffs' deductible after application of the Policy's depreciation provision.

7. Clear photographic evidence was provided to Defendant which shows obvious destructive damage to the Property sustained during the storm. Even though such clear evidence was provided to the Defendant of a covered loss and resulting damage, Defendant still refused to pay the appropriate insurance coverage benefits.

8. Defendant's assigned adjuster, Mr. Scott Thorpe to adjust the loss. Thorpe hired Mr. Hind Alfatlawi to estimate the damages to the Martinez home. Mr. Alfatlawi failed to examine multiple portions of the structure which include documented hail damage. In addition, in most instances Mr. Alfatlawi attributed clear visible damage to slate roofing tiles to other causes, including improper nail selection. Mr. Alfatlawi's report clearly was written from a perspective of narrowing the scope of coverable damage.

9. Defendant retained an engineering firm utilized almost exclusively by insurance companies to bolster underpayment or denial of claims, EFI Global. The EFI Global engineer, Daniel Hilner, inspected the property on March 12, 2024. Even EFI Global's report identifies probable hail at the Property of 1.75 inches in diameter. Mr. Hilner found slate tiles were broken by the hail but, despite the large hail stones which struck the Martinez home, he also attributed roof damage to "improper nail selection." Mr. Hilner's report ultimately concluded that the damaged slate tiles could simply be removed and replaced.

10. The Martinezes retained their own professional evaluation of the damage to their roof. These evaluations found extensive hail damage to the roof structure which were all provided

to the Defendant. The Defendant still refused to pay the coverage benefits for which the Martinezes reliably paid their premiums. Thus, despite paying premiums for coverage for hail damage to their roof, Defendant would not repair/replace the damage to the Martinezes' roof structure caused by the significant hail damage.

11. Together, Defendant and its representatives set out to underpay or deny properly covered damages. Because of their unreasonable investigation and failure to provide coverage for the damage sustained, Plaintiff's claim was improperly adjusted, and Plaintiffs were denied adequate payment to repair the Property.

## IV.
## CAUSES OF ACTION

12. Each of the foregoing paragraphs is incorporated by reference in the following:

### A. Breach of Contract

13. Defendant had a contract of insurance with Plaintiffs. Defendant breached the terms of that contract by wrongfully denying the claim, and Plaintiffs were damaged thereby.

### B. Prompt Payment of Claims Statute

14. Defendant's failure to pay for the loss and/or to follow the statutory time guidelines for accepting or denying coverage constitutes a violation of Section 542.051 *et seq.* of the Texas Insurance Code.

15. Plaintiffs, therefore, in addition to Plaintiffs' claim for damages, are entitled to statutory interest and attorneys' fees as set forth in Section 542.060 of the Texas Insurance Code.

### C. Bad Faith/Deceptive Trade Practices Act ("DTPA")

16. Defendant is required to comply with Chapter 541 of the Texas Insurance Code.

17. Defendant violated Section 541.051 of the Texas Insurance Code by:

(1) making statements misrepresenting the terms and/or benefits of the Policy. As referenced above, Defendant mispresented coverage for wind and hail related damages to the Property during the Policy period was a covered cause of loss and misrepresented to Plaintiffs the coverage's terms.

18. Defendant violated Section 541.060 by:

(1) misrepresenting to Plaintiffs a material fact or Policy provision relating to coverage at issue;

(2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear;

(3) failing to promptly provide to Plaintiffs a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for the insurer's denial of the claim or offer of compromise settlements of the claim;

(4) failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or submit a reservation of rights to Plaintiffs; and

(5) refusing to pay the claim without conducting a reasonable investigation with respect to the claim. As referenced above, Defendant failed to meet its statutory timelines governed by the Texas Insurance Code, failed to respond to multiple requests for information, failed to disclose information it relied on in its investigation, failed to conduct testing of the damage, and failed to allocate damage occurring during the Policy.

19. Defendant violated Section 541.061 by:

(1) making an untrue statement of material fact;

(2) failing to state a material fact necessary to make other statements made not misleading considering the circumstances under which the statements were made; and

(2) making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact. As referenced herein, Defendant misrepresented fire and smoke related damages that occurred during the Policy was not a covered loss and failed to provide requested information used to render its claim decision, and claimed the damage was not caused by a covered cause of loss without conducting a reasonable investigation.

20. At all material times hereto, Plaintiffs was a consumer who purchased insurance products and services from Defendant.

21. Defendant has violated the Texas DTPA in the following respects:

(1) Defendant represented that the agreement confers or involves rights, remedies, or obligations which it does not have, or involve, or which are prohibited by law;

(2) Defendant failed to disclose information concerning goods or services which was known at the time of the transaction when such failure to disclose such information was intended to induce the consumer into a transaction that the consumer would not have entered into had the information been disclosed; and

(3) Defendant, by accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action as prohibited by Section 17.50(a)(1)(3) of the DTPA in that Defendant took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, that also resulted in a gross disparity between the consideration paid in the transaction and the value received, in violation of Chapter 541 of the Texas Insurance Code.

22. Defendant knowingly committed the acts complained of herein. As such, Plaintiffs are entitled to exemplary and/or treble damages pursuant to the DTPA and Texas Insurance Code Section 541.152(a)-(b).

**D. Breach of the Duty of Good Faith and Fair Dealing**

23. Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs.

24. Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, Defendant knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## V.
## KNOWLEDGE

25. Each of the acts described above, together and singularly, was done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

**E. Attorneys' Fees**

26. Plaintiffs engaged the undersigned attorney to prosecute this lawsuit against Defendant and agreed to pay reasonable attorneys' fees and expenses through trial and any appeal.

27. Plaintiffs are entitled to reasonable and necessary attorneys' fees pursuant to Texas Civil Practice and Remedies Code Sections 38.001-38.003 because Plaintiffs are represented by an attorney, presented the claim to Defendant, and Defendant did not tender the just amount owed before the expiration of the 30th day after the claim was presented.

28. Plaintiffs further pray that Plaintiffs be awarded all reasonable attorneys' fees incurred in prosecuting Plaintiffs' causes of action through trial and any appeal pursuant to Sections 541.152 and 542.060 of the Texas Insurance Code.

## VI.
## CONDITIONS PRECEDENT

29. All conditions precedent to Plaintiffs' right to recover have been fully performed or have been waived by Defendant.

## VII.
## JURY DEMAND AND PRAYER

30. Plaintiffs request that a jury be convened to try the factual issues of this case.

31. WHEREFORE, PREMISES CONSIDERED, Victor Martinez and Laura Martinez prays that, upon final hearing of the case, they recover all damages from and against Defendant that may reasonably be established by a preponderance of the evidence, and that Victor Martinez and Laura Martinez be awarded attorneys' fees through trial and appeal, costs of court, pre-judgment interest, post-judgment interest, and such other and further relief, general or special, at law or in equity, to which Victor Martinez and Laura Martinez may show themselves to be justly entitled.

Respectfully submitted,

*/s/ Jeffrey T. Embry*
Jeffrey T. Embry
Bar Number: 24002052
Christopher P. Peirce
Bar Number: 24041509
Margaret C. Pennell
Bar Number: 24116893
Hossley Embry, LLP
515 S. Vine Ave.
Tyler, Texas 75702
Telephone No. 903-526-1772
Telecopier No. 903-526-1773
jeff@hossleyembry.com
cpeirce@hossleyembry.com
meg@hossleyembry.com
**ATTORNEYS FOR PLAINTIFFS**